UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL ABDUL-JABBAR,

                              Plaintiff,

          v.

CALVIN E. WEST,
MARY J. HOPKINS,
WESLEY K. CANFIELD, M.D.,
JEFFERY FLETCHER,

                              Defendants,

**DECISION
and
ORDER

05-CV-373F
(Consent)**

_____

APPEARANCES:        SAMUEL ABDUL-JABBAR, *Pro se*
                              Elmira Correctional Facility
                              P.O. Box 500
                              Elmira, New York 14902

                              ANDREW M. CUOMO
                              Attorney General, State of New York
                              Attorney for Defendants
                              ANN C. WILLIAMS
                              Assistant Attorney General, of Counsel
                              107 Delaware Avenue, Fourth Floor
                              Buffalo, New York 14202

## **JURISDICTION**

The parties to this action consented on July 26, 2006 to proceed before the undersigned, pursuant to 28 U.S.C. § 636(c). (Doc. No. 17). The matter is presently before the court on Plaintiff's motion for summary judgment (Doc. No. 22), filed August 25, 2006.

**BACKGROUND**

Samuel Abdul-Jabbar ("Plaintiff"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2005, while incarcerated at Elmira Correctional Facility ("Elmira"). (Doc. No. 1). Plaintiff claims that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights by Defendants, Elmira Superintendent Calvin E. West ("West"), Elmira Nurse Administrator Mary J. Hopkins ("Hopkins"), Dr. Wesley K. Canfield ("Dr. Canfield"), and Elmira cafeteria employee Jeffery Fletcher ("Fletcher"), when Defendants exhibited a deliberate indifference to Plaintiff's medical needs by denying Plaintiff medical treatment after Plaintiff sustained a fall outside the Elmira cafeteria where Plaintiff had been working in connection with a prison work program.

In a Decision and Order filed March 14, 2006 (Doc. No. 6), Plaintiff was granted permission to proceed *in forma pauperis*, the claims against Defendants West and Fletcher were dismissed with prejudice, and the summons and Complaint upon Defendants Dr. Canfield and Hopkins were directed to be served by the United States Marshals Service. Although Dr. Canfield was never served with the summons and Complaint, on April 14, 2006, Defendant Hopkins filed her answer to the Complaint. (Doc. No. 8). Plaintiff, on June 12, 2006, filed a request for production of documents (Doc. No. 12) under Rule 34 of the Federal Rules of Civil Procedure, to which Defendant responded on July 10, 2006 (Doc. No. 14), advising Plaintiff that a request for the information sought had been made and any responsive documents would be provided to Plaintiff upon receipt from those in possession of the subject documents. On August 25, 2006, Plaintiff filed the instant motion seeking summary judgment based

on Defendant Hopkins's failure to turn over written documents considered "critical for trial," including Sergeant Ever's and Officer King's Written Accident Reports concerning the accident on February 28, 2005 (Doc. No. 22). The motion is supported by the affidavit of the Plaintiff filed August 25, 2007. (Doc. No. 23) ("Plaintiff's Affidavit").

Plaintiff also makes additional requests not related to the motion, including 1) a request for assignment of counsel; 2) requests appointment of a physician to examine Plaintiff and testify as an expert witness at trial; 3) requests the United States Marshals Service's unsuccessful attempt to serve Dr. Canfield be placed on the record; and 4) permission to allege a new claim for retaliation against Cayuga Correctional Facility Officers ("Cayuga Officers"). (Plaintiff's Affidavit ¶ 3,4,7, and 8). Defendant Hopkins filed two declarations in opposition to Plaintiff's motion for summary judgment ("Hopkins's First Declaration ") filed on October 19, 2006 (Doc. No. 27), and ("Hopkins's Second Declaration ") filed on the July 10, 2006 (Doc. No. 28). Oral argument was deemed unnecessary. Based on the following, Plaintiff's motion is DENIED insofar as Plaintiff seeks summary judgment, and, treating the motion as one seeking to compel discovery, the motion is GRANTED.

### **FACTS**[1]

On February 28, 2005, Plaintiff fell while pushing a cafeteria garbage wagon to the dumpster area of the Elmira Correctional Facility. Plaintiff's Fact Statement ¶ 1. As a result of the fall, Plaintiff twisted his leg, landed on his back, was unable to stand or move, and was later transported to the infirmary. *Id*. ¶ 2. Plaintiff was examined by a

---

[1] Taken from the pleadings and papers filed in this action.

nurse, who filled out an accident report, Dr. Canfield, and his assistant. *Id*. ¶ 4. Plaintiff, who complained of pain in his back, sides, hips, legs, and torso, was examined, X-rayed, and remained in Elmira's infirmary until March 2, 2005, when Plaintiff was returned to his prison cell, given four days bed rest and ibuprofen for pain relief.[2] *Id*. ¶ 5.

Upon termination of bed rest, Plaintiff returned to the infirmary seeking treatment for the same injuries, and was examined by Dr. Kelly. *Id*. ¶ 6. New X-rays showed no broken bones, and Plaintiff was prescribed an additional five days bed rest and ibuprofen. On March 14, 2005, Plaintiff again returned to the infirmary and was placed on medical keeplock[3] and bed rest. *Id*. ¶ 6.

On March 28, 2005, Elmira's cafeteria head cook Roy McDougal ("McDougal"), ordered Plaintiff to return to work at his prison job. *Id*. ¶ 7. After discussing his injuries with McDougal, Plaintiff returned to his cell and received another seven days medical keeplock. *Id*. ¶ 7. Plaintiff was examined by a nurse in his cell who informed him that Dr. Canfield would be examine Plaintiff on April 8, 2005. *Id*. ¶ 7. After examination on April 8, 2005, Dr. Canfield prescribed Plaintiff a cane to assist in walking and admitted Plaintiff to the infirmary until April 15, 2005, when Plaintiff was again placed on medical keeplock in his cell, bed rest, and prescribed muscle relaxers. *Id*. ¶ 7.

To date, Plaintiff continues to complain of pain related to his fall and requests an MRI and therapy. *Id*. ¶ 9. Plaintiff wrote Defendant Hopkins of his requests concerning the medical treatment. *Id*. ¶ 9.

---

[2] Although it is undisputed that Plaintiff was injured in the February 28, 2005 accident, the record does not indicate the precise nature or severity of Plaintiff's injury.

[3] Keeplock is a form of administrative segregation in which the inmate is confined to his cell, deprived of participation in normal prison routine, and denied contact with other inmates. *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006).

**DISCUSSION**

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Amaker v. Foley*, 274 F.3d 677 (2d Cir. 2001). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once that burden has been met, the burden then shifts to the non-moving party to demonstrate that, as to a material fact, a genuine issue exists precluding summary judgment. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Although Plaintiff moves for summary judgment based on Defendant Hopkins's failure to produce Sergeant Ever's and Officer King's Written Accident Reports concerning the accident on February 28, 2005, a fair reading of Plaintiff's motion

demonstrates Plaintiff is moving, pursuant to Federal Rule of Civil Procedure 37(c) and (d), for the severe sanction of a judgment based on Defendant Hopkins's failure to provide discovery in response to Plaintiff's discovery demands. As such, the court treats the instant motion as a motion seeking such sanctions.

The basis for Plaintiff's motion is that on June 12, 2006, a request for production of documents was filed which, as of this date, have yet to be produced by Defendant Hopkins. The record establishes that on July 10, 2006, Defendant Hopkins replied to Plaintiff's motion to compel, informing Plaintiff that "a request for the information sought has been made and responsive documents, if any, will be provided upon receipt." (Hopkins's First Declaration ¶ 15).

Severe sanctions, such as preclusion of evidence or dismissal of the action, can generally only be imposed upon a showing of willfulness or bad faith on the part of the party refusing discovery. *Cine Forty-Second Street v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066-67 (2d Cir. 1979). The court should consider four factors in deciding what sanctions are appropriate, including 1) the proponent's explanation for failing to provide the subject evidence; 2) the importance of such evidence to the proponent's case; 3) the opponent's time needed to prepare to meet the evidence; and 4) the possibility of obtaining a continuance to permit the opponent to meet the evidence. *Outley v. City of New York*, 837 F.2d 587, 589-90 (2d. Cir. 1988).

The record before the court fails to establish that Defendant Hopkins has willfully failed to produce the documents Plaintiff seeks. Defendant Hopkins has stated that the appropriate parties have been contacted concerning the requested documents and any responsive materials will be provided to Plaintiff upon receipt. Based on Hopkins's

response, it is apparent that Hopkins's does not have possession, custody, or control over the requested information sufficient to charge Hopkins with the responsibility of production. See Fed. R. Civ. R. P. 34(a). Nevertheless, insofar as Defendant Hopkins agreed to produce the information, and has failed to respond timely to Plaintiff's discovery requests, Defendants shall, within 30 days of receipt of this Decision and Order, either produce the requested documents to Plaintiff, or provide, under oath, a reasonable explanation as to why such documents cannot be produced.

As for Plaintiff's request for a court appointed physician to examine him and act as an expert witness at trial, Plaintiff's Affidavit ¶ 3, the trial court has the inherent power to appoint experts, under proper circumstances, to aid the court in a just disposition of case. *Goetz v. Crosson*, 967 F.2d 29, 37 (2d Cir. 1992)*; Scott v. Spanjer Bros., Inc.*, 298 F.2d 928, 930 (2d Cir. 1962). The appointment of experts by the court, however, should be reserved for exceptional cases in which, in the court's discretion, the ordinary adversary process does not suffice. *In re Joint Eastern and Southern Districts Asbestos Litigation*, 830 F.Supp. 686, 693 (E.D.N.Y.1993). Insofar as Plaintiff seeks appointment of a physician to examine Plaintiff and testify as an expert witness at trial, the request is DENIED without prejudice.

As to Plaintiff's request seeking court appointed counsel, the record establishes Plaintiff subsequently moved for the court to appoint counsel on November 30, 2006 (Doc. No. 31) and December 20, 2006 (Doc. No. 33). Those motions have since been denied by orders filed December 7, 2006 (Doc. No. 32) and December 20, 2006 (Doc. No. 34). As the circumstances of the case have not materially changed, Plaintiff's request for appointment of counsel is again DENIED.

Regarding Plaintiff's request for the record to reflect the United States Marshals Service's unsuccessful attempt to serve Dr. Canfield, by order dated March 6, 2007, (Doc. No. 38) the undersigned directed the United States Marshals Service to re-serve Dr. Canfield within 120 days by serving the summons and Complaint on the New York State Department of Corrections' Counsel's Office.

As for Plaintiff's attempt to assert, for the first time in this action, a retaliation claim against the Cayuga Officers, Plaintiff's Affidavit ¶ 10, the court treats such attempt as a request to amend the complaint to add a new claim. However, absent a properly filed motion seeking leave to file an amended complaint, the request is DENIED without prejudice.

## CONCLUSION

Based on the foregoing, treating Plaintiff's motion for summary judgment (Doc. No. 22) as a motion to compel, the motion is GRANTED, otherwise it is DENIED; Defendant Hopkins shall comply with Plaintiff's discovery requests **WITHIN 30 DAYS** or provide an acceptable explanation as to why such documents cannot be produced.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  March 8, 2007
        Buffalo, New York