UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL ABDUL-JABBAR,

                            Plaintiff,

                v.

SUPERINTENDENT CALVIN E. WEST,
Elmira Correctional Facility,
MARY J. HOPKINS, Nurse Administration,
M.D. WESLEY K. CANFIELD, and
JEFFREY FLETCHER, FSA # 2,

                            Defendants.

**DECISION
and
ORDER**

**05-CV-0373F
(consent)**

---

APPEARANCES:          SAMUEL ABDUL-JABBAR, *Pro Se*
                                85-A-5554-D-1-5
                                Gouverneur Correctional Facility
                                Box 370
                                Gouverneur, New York 13542-0370

                                ANDREW M. CUOMO
                                Attorney General, State of New York
                                Attorney for Defendants
                                DELIA DIANNA CADLE
                                Assistant Attorney General, of Counsel
                                107 Delaware Avenue
                                Fourth Floor
                                Buffalo, New York  14202

## JURISDICTION

On July 26, 2006, the parties to this action consented pursuant to 28 U.S.C. § 636(c)(1) to proceed before the undersigned. The matter is presently before the court on Plaintiff's Motion for Witnesses and Expert Witnesses filed July 23, 2007 (Doc. No. 46).

## BACKGROUND and FACTS[1]

Plaintiff Samuel Abdul-Jabbar ("Plaintiff"), proceeding *pro se*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2005, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment while incarcerated at Elmira Correctional Facility ("Elmira" or "the correctional facility"). In particular, Plaintiff claims that Defendants, including Elmira Nurse Administrator Mary J. Hopkins ("Hopkins"), and Wesley K. Canfield, M.D. ("Dr. Canfield"), both members of the correctional facility's medical staff, failed to treat physical injuries sustained on February 28, 2005, when Plaintiff, while pushing a mess hall garbage wagon to the correctional facility's dumpster, fell on his back, and twisted his foot and knee. On May 26, 2005, Plaintiff moved for leave to proceed *in forma pauperis* (Doc. No. 2), and that motion was granted on March 24, 2006 (Doc. No. 6). Defendant Hopkins, who was served with the summons and Complaint on April 3, 2006, filed an answer on April 14, 2006 (Doc. No. 8).

A Scheduling Order filed November 16, 2006 (Doc. No. 30) ("the Scheduling Order"), established July 31, 2007 as the deadline for Plaintiff to identify any expert witnesses. By order filed March 6, 2007 (Doc. No. 38), the undersigned found good cause to extend the time in which to serve the summons and Complaint upon Dr. Canfield and, summons was reissued for Dr. Canfield on March 7, 2007. Dr. Canfield was served on May 3, 2007, and filed an answer on May 18, 2007 (Doc. No. 45).

On July 23, 2007, Plaintiff filed the instant motion (Doc. No. 46) ("Plaintiff's

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

motion") requesting an order directing the U.S. Marshal to serve subpoenas on nine individuals, all employees of New York's Department of Correctional Services ("DOCS"), whom Plaintiff describes as either a "witness" or an "expert witness."  Plaintiff's motion is supported by the attached Affidavit of Plaintiff in Support of Motion for Witness [*sic*], and Expert Witness for the Plaintiff ("Plaintiff's Affidavit").  In particular, those Plaintiff seeks to have subpoenaed to testify on his behalf at trial include Defendants Dr. Canfield and Hopkins, as well as W. Kelly, M.D. ("Dr. Kelly"), A.Graceffo, M.D. ("Dr. Gracefffo"), Nurse John ("John"), Officer Kring ("Kring"), Sergeant Ever ("Sgt. Ever"), Mr. Green, M.D. ("Dr. Green"), and Steven W. Winter, M.D. ("Dr. Winter").

In opposition to Plaintiff's motion, Defendants filed on August 10, 2007, the Declaration of Assistant Attorney General Ann C. Williams in Response to Plaintiff's Motion for Witnesses and Expert Witnesses (Doc. No. 48) ("Defendants' Response").  In further support of Plaintiff's motion, Plaintiff filed on August 30, 2007 a Notice of Motion in Opposition to Defendants' Response to Plaintiff's Motion for Expert Witnesses and Witnesses (Doc. No. 49) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion is DENIED in part and DISMISSED as premature in part.

**DISCUSSION**

Preliminarily, Defendants assert that

> [i]t is unclear from a review of the instant motion whether Plaintiff is seeking an order from the court directing the individuals identified in the Motion to testify on Plaintiff's behalf as expert witnesses, or whether the Plaintiff is seeking an Order from the Court directing the Marshal to serve subpoenas on each of the individuals identified in the Motion.

Defendants' Response ¶ 5.

Defendants also contend that "Plaintiff has identified 9 individuals as expert witnesses in the Motion, including the Defendants," Defendants' Response ¶ 6, and that Plaintiff's motion should be denied because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(A), (B) and (C) that a party seeking to present expert testimony must disclose, in addition to the identity of each expert witness, "a written report prepared and signed by the expert witness, at a time and in the sequence directed by the court or at least 90 days before trial date." *Id*. ¶ 8. According to Defendants, because Plaintiff has failed to disclose such reports by the July 31, 2007 expert disclosure deadline established by the Scheduling Order, Plaintiff is now precluded from calling at expert witnesses at trial any of the nine individuals identified as such in Plaintiff's motion. *Id*. ¶¶ 9-10. According to Defendants, although Plaintiff has been granted *in forma pauperis* status, nothing within 28 U.S.C. § 1915 provides the court with any authority to allow Plaintiff to avoid incurring the costs generally associated with retaining expert witnesses, including expert fees, or the costs of expert interrogatories or reports. *Id*. ¶¶ 13-14.

     A plain reading of Plaintiff's motion establishes that of the nine individuals Plaintiff identifies as witnesses, only one, Dr. Kelly, is identified as an expert witness. This determination is based on the fact that Plaintiff, in his motion, lists the names of all nine witnesses in a column on the left-hand side of the page, and opposite each name, in a column on the right-hand side of the page, is the word "witness" with one exception. Specifically, appearing in the right-hand column after Dr. Kelly's name are the words "identify as expert witness." The set-up of the columns establishes that Plaintiff is

identifying Dr. Kelly as an expert witness, and the remaining nine, including Dr. Canfield, Hopkins, Dr. Graceffo, John, Kring, Sgt. Ever, Dr. Green and Dr. Winter, as fact witnesses. This determination is further supported by Plaintiff's statement in further support of his motion that Dr. Kelly will testify at trial as to Plaintiff's injury and medical needs. Plaintiff's Reply ¶ 2.[2]

Nevertheless, Defendants are correct that Plaintiff cannot call Dr. Kelly as an expert witness because Plaintiff has failed to timely disclose any written report prepared and signed by Dr. Kelly containing a statement of all of Dr. Kelly's "opinions to be expressed and the basis and reasons therefore," including supporting data and exhibits and the witness's qualifications, as required by Fed. R. Civ. P. 26(a)(2)(B). Further, "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995). As such, insofar as Plaintiff's motion requests a court order subpoenaing Dr. Kelly to testify as an expert witness on Plaintiff's behalf, the motion is DENIED.[3]

Defendants also argue that neither Hopkins nor Dr. Canfield can be compelled to testify as experts on Plaintiff's behalf, and that a conflict of interest prevents any of the

---

[2] Plaintiff also maintains that it is necessary to have Kring testify at trial because Kring has failed to comply with Plaintiff's discovery requests. Plaintiff's Reply ¶ 3. Plaintiff does not, however, clarify that he intends to call Kring as an expert witness.

[3] Although Plaintiff is precluded from calling Dr. Kelly as an expert witness at trial, if Dr. Kelly is Plaintiff's treating physician, a fact not clear from the record, caselaw within this district provides that an expert report is not required unless Dr. Kelly will testify as to matters outside the scope of treatment provided. *See Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996) ("A treating physician's testimony, however, is based on the physician's personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources."); *see also Salas v. United States*, 165 F.R.D. 31, 32 (W.D.N.Y. 1995) (physicians' opinions as to cause and treatment of illness or injury are not subject to extensive expert witness requirements, including expert reports, under Fed. R. Civ. P. 26(a)(2)(B)).

nine identified individuals, all DOCS employees, from testifying of Plaintiff's behalf as experts.  Defendants' Response at ¶¶ 11-12.  As discussed above, a plain reading of Plaintiff's motion establishes not only that Plaintiff seeks to subpoena only Dr. Kelly to testify on his behalf as an expert, but Plaintiff has failed to comply with Rule 26(a)(2)(B)'s requirements with regard to Dr. Kelly.  Accordingly, the court will not address this argument with regard to Dr. Canfield, Hopkins, or any of the other individuals identified in Plaintiff's motion only as fact witnesses.

Finally, Defendants maintain that insofar as Plaintiff seeks only for the Clerk of the Court to issue, pursuant to Fed. R. Civ. P. 45(a)(3), subpoenas commanding the attendance of witnesses at trial, such request is premature as no trial date has yet been scheduled.  Defendants' Response at ¶ 15.  Plaintiff argues in further support of his motion that it is necessary to subpoena the identified witnesses to whom he does not have access given their status as DOCS employees.  Plaintiff's Reply ¶ 1.

As relevant, Fed. R. Civ. P. 45 provides for subpoenas to be issued to command attendance at trial, hearing or deposition, or for production, inspection, copying, testing or sampling.  Fed. R. Civ. P. 45(a)(2)(A), (B), and (C).  In the instant case, given that the Scheduling Order established June 15, 2007 as the discovery cut-off, a date which Plaintiff has not moved to extend, Plaintiff's motion can be construed only as requesting subpoenas to issue for the witnesses to ensure attendance at trial.  As, however, no trial date has yet been established, assuming, *arguendo*, the individuals Plaintiff identifies as non-expert witnesses can be called to testify as fact witnesses on Plaintiff's behalf, such request is premature and is DISMISSED without prejudice and with leave to renew once a trial date has been set.

The parties are advised that no trial date will be set until Defendants' pending motion for judgment as a matter of law, filed February 14, 2008 (Doc. No. 59), has been resolved. Further, Plaintiff is reminded that although he is proceeding *in forma pauperis*, Plaintiff is required to tender to each subpoenaed witness, as a prerequisite to compliance with any subpoena, "an attendance fee of $ 40 per day for each day's attendance," and for each day necessary to travel to trial, 28 U.S.C. § 1821(b), as well as travel and lodging costs incurred in attending the trial, 28 U.S.C. § 1821(c). *Malik v. Lavalley*, 994 F.2d 90, 90 (2d Cir. 1993) ("federal courts are not authorized to waive or pay witness fees on behalf of an *in forma pauperis* litigant").

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 46) is DENIED in part and DISMISSED as premature and without prejudice in part.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  February 28, 2008
        Buffalo, New York

**Any appeal of this Decision and Order must be taken to by filing a notice of appeal within 10 days of the filing of this Decision and Order pursuant to Fed. R. Civ. P. 72(a).**